LADISLAUS F. MAJEWICZ v. ALETHA WELTE ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 83657

Memorandum filed January 5, 1949.

*Harold Strauch,* of Hartford, for the Plaintiff.

MURPHY, J., This matter came before me as a judge on rule to show cause why a temporary injunction should not issue. The parties elected to try the case upon its merits rather than just to preserve the status quo, and it will be determined accordingly.

On June 3, 1947, the legislature enacted Special Act No. 199 (25 Special Laws 286) providing for a merit system for the city of New Britain. Section 7 provided that: "Any person holding a position in the classified service when this act takes effect who shall have served in such position for a period of at least six

months prior thereto shall be retained without preliminary or performance tests and shall thereafter be subject in all other respects to the provisions of this act."

On that date, the plaintiff was holding a position in the classified service. He alleges that it was the position of yard foreman in the public works department. The defendants maintain that there was no such position. On June 16, 1948, the common council adopted an ordinance creating such a position. Pursuant thereto, the civil service commission announced an open competitive examination to fill it. By this action, the plaintiff seeks to prevent the holding of the examination and appointment to the position.

There is some doubt in my mind that injunction is the proper remedy. See Field, Civil Service Law, p. 223. In view of the parties' desire to dispose of the matter without delay, that deficiency will be overlooked. The sole question to be determined is whether the plaintiff was holding the position of yard foreman when the act became effective.

In 1942, one Joseph Carroll was carried on the employment rolls as yard foreman at a weekly salary. At that time, the plaintiff was an hourly wage employee assigned to the duties of timekeeper. From March, 1942, until January, 1946, he was in the service and upon his return resumed his old position. He claims that in May of that year he was promoted to yard foreman, a position that had not been filled since the municipal election in 1942 when Carroll was discharged. At least, his hourly wage was increased from 85 cents to $1 per hour and he was called upon to do some of the work that had been done by Carroll in 1942 and since then had been split up among several other employees.

In May, 1948, he was informed by his immediate superior that he would no longer be required to perform any of the yard foreman duties but would continue doing the work of timekeeper. In May, 1947, his pay was increased to $1.21 per hour. Since he has been called upon to confine his work to timekeeping his pay has not been reduced and with other employees he participated in a general increase in November, 1948.

Neither the schedule of salaried positions nor the unsalaried wage categories list any timekeepers. The plaintiff has been carried on the payroll record since June 1, 1946, as a foreman and is paid as such.

Since 1942, the position of yard foreman has not been carried on any salary schedule or hourly wage classification. Other than the plaintiff's own statement, there is no evidence that the position had been recreated in May, 1946, if already abolished, or filled by promotion of the plaintiff if it was still in existence but vacant.

The records negative this claim.

It is my conclusion that when Special Act 199 became effective there was no position of yard foreman in the classified service of the city of New Britain. The application for a temporary injunction is denied.